IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

CLEO WATKINS; PYLES FAMILY FARMS
LLC; VICTOR HUTCHERSON; ALVELLA
HUTCHERSON; HELEN KNIGHT;
MICHAEL WATKINS; BETTY WATKINS;
and GEORGE CARNEY                                               PLAINTIFFS

v.                          No. 3:17-cv-272-DPM

LAWRENCE COUNTY, ARKANSAS;
JOHN THOMISON, in his official capacity
as County Judge of Lawrence County,
Arkansas; and WILLIAM POWELL, DONALD
RICHEY, LLOYD CLARK, HEATH DAVIS,
ERNEST BRINER, RONALD INGRAM,
TRACY MOORE, KENNY JONES, and
ALEX LATHAM, all in their official
capacities as members of the Lawrence
County Quorum Court                                             DEFENDANTS

ORDER

Watkins and the other plaintiffs are farmers in Craighead County, Arkansas. They've sued Lawrence County and its leaders over a bridge that Lawrence County built in the early 2000s. It crosses the West Cache River Slough near the Lawrence/Craighead County line. Watkins and the farmers allege that Lawrence County improperly built this bridge. They also allege that Lawrence County hasn't properly maintained it, violating an after-the-fact § 404 permit issued by the Army Corps of

Engineers. Because of this, Watkins and the farmers say, the bridge has turned into a *de facto* dam that causes frequent—and increasingly severe—flooding over their property. They've pleaded five counts: violations of the Clean Water Act; public nuisance under Arkansas law; declaratory judgment; inverse condemnation under federal and state law; and violations of 42 U.S.C. § 1983. They seek injunctive relief, as well as damages. Lawrence County has moved to dismiss. It argues that the Clean Water Act doesn't provide a private right of action here and that the relevant statutes of limitation bar this suit. Both sides have filed crisp and clear papers.

**Clean Water Act.** The Clean Water Act doesn't authorize a citizen suit in these circumstances. Watkins argues that these suits exist to redress violations of this Act. He's right. But 33 U.S.C. § 1365(a)(1) limits citizen suits to those involving an "effluent standard or limitation." For example, § 1365(f) lists National Pollutant Discharge Elimination System permits when it defines an "effluent standard." These permits are issued by the EPA under § 1342(a), or by states under § 1342(b) and § 1311(a). The Court of Appeals' recent opinion in *City of Kennett v. EPA*, No. 17-1713 (8th Cir. 9 April 2018), addressed a challenge to one of these effluent permits. Watkins's case, though, concerns a § 404 "dredge or fill" permit issued by the Corps under § 1344. His claims aren't about effluent; they're about bridge maintenance and silt accumulation.

Watkins notes that § 1311 mentions silt discharge and refers to § 1344. He says that this mention and reference, added to the Clean Water Act's general intention to protect our water, shows that § 1365 applies to § 404 permits. The Court disagrees. First, § 1365(f) defines "effluent standard" on its own. Its words matter. Second, Congress differentiated between pollution issues (§ 1342) and navigation issues (§ 1344) when it passed the Clean Water Act. Different permitting schemes exist because effluent and dredging are different animals. Third, even under Watkins's combined reading of 33 U.S.C. §§ 1365(a), 1365(f)(1), 1311(a), and 1344(a), there's probably still an effluent requirement. Section 1311(a), for example, covers "the discharge of any pollutant by any person."

There's no controlling precedent from the United States Court of Appeals for the Eighth Circuit. Though the issue was floating in the background, *Sierra Club v. United States Army Corps of Engineers*, 645 F.3d 978 (8th Cir. 2011) is about citizens' standing to challenge a § 404 permit in a suit against the Corps and a utility. Watkins and the other farmers aren't challenging the Corps' permit to Lawrence County. The most persuasive precedent on point is *Atchafalaya Basinkeeper v. Chustz*, 682 F.3d 356 (5th Cir. 2012) (*per curiam*), which this Court will follow. The Court is not persuaded by *Citizens' Alliance for Property Rights v. City of Duvall*, 2014 WL 1379575 (W.D. Wash. 2014).

Limiting citizen suits to effluent makes sense. The limitation allows citizens to pursue redress for health issues while reserving other issues—like infrastructure, navigation, and dredging—to the Corps. This arrangement follows the traditional framework for navigable waters, with marginal alterations that enable private vindication of public health. Here, there's no effluent or effluent standard in play. Lawrence County's § 404 permit isn't challenged. And the County's alleged violations of that permit aren't covered by § 1365.

**Statutes of Limitation**. Watkins's claims are timely. The construction of the replacement bridge was not necessarily injurious. *St. Louis Iron Mountain & Southern Railway Company v. Biggs*, 52 Ark. 240, 244, 12 S.W. 331, 331 (1889). The alleged injuries came later in the form of flooding, silt accumulation, and inadequate maintenance. Plus, these injuries are recurring. *Arkansas Game and Fish Commission v. United States*, 568 U.S. 23, 31-34 (2012). Every time there's a flood, there's a new injury. And Watkins says that this flooding will continue. So injunctive relief is available. *Montin v. Estate of Johnson*, 636 F.3d 409, 415-16 (8th Cir. 2011). The precise scope of any such relief is an issue for later in the case.

Damages aren't barred, either. *Biggs*, 52 Ark. at 244. Instead, they're limited to injuries sustained within the relevant statutory time periods. *Consolidated Chemical Industries, Inc. v. White*, 227 Ark. 177, 179, 297 S.W. 101, 102 (1957). Lawrence County asks, in its fallback position,

that the Court require Watkins to re-plead specific incidents and exact damages within these time periods. *№ 7 at 2–3*. This embedded request is partly granted and partly denied. Watkins must clarify the farmers' claims for damages and give notice about injuries sustained within the statutory periods. At this stage, though, there's no way to know exact damages. Precise calculations will come after discovery. *№ 8 at 1–3; № 10; № 11 at 2*.

\* \* \*

Lawrence County's motion, *№ 3*, is partly granted and partly denied. Watkins's Clean Water Act claim is dismissed with prejudice and his damages on other claims are limited to those within the statutes of limitation. Watkins must file an amended complaint by 4 May 2018. FED. R. CIV. P. 15(a)(2). He must clarify the timing of his and his fellow landowners' alleged injuries. And he should put some more meat on the bones of his § 1983 claims. Lawrence County must respond by 23 May 2018. FED. R. CIV. P. 15(a)(3).

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

11 April 2018

-5-