**IN THE UNITED STATES DISTRICT COURT
EASTER DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**CLEO WATKINS,** *et al.*                                                                                            **PLAINTIFFS**

**v.**                                               **Case No. 3:17-cv-00272-KGB**

**LAWRENCE COUNTY, ARKANSAS,** *et al.*                                                    **DEFENDANTS**

**ORDER**

Before the Court are three motions filed by plaintiffs Cleo Watkins, Pyles Family Farms LLC, Victor Hutcherson, Alevlla Hutcherson, Helen Knight, Michael Watkins, Betty Watkins, and George Carney: a motion to strike and exclude from trial testimony of Brad Smithee and certain untimely exhibits; a second motion to exclude from trial certain untimely exhibits; and an omnibus motion *in limine* (Dkt. Nos. 67, 74, 77). Defendants Lawrence County, Arkansas; John Thomison, in his official capacity as County Judge of Lawrence County; and William Powell, Donald Richey, Lloyd Clark, Heath Davis, Ernest Briner, Ronald Ingram, Tracy Moore, Kenney Jones, and Alex Latham, in their official capacities as members of the Lawrence County Quorum Court responded in opposition to these motions (Dkt. Nos. 70, 82, 84), and plaintiffs filed replies to two of those responses (Dkt. Nos. 80, 87). Also before the Court is defendants' motion *in limine* (Dkt. No. 72). Plaintiffs responded in opposition to this motion (Dkt. No. 86). For the following reasons, the Court grants in part and denies in part these motions (Dkt. Nos. 67, 72, 74, 77).

I.   **Plaintiffs' Motions**

Plaintiffs have filed three separate motions to strike or exclude various testimony and exhibits from trial (Dkt. Nos. 67, 74, 77). Plaintiffs list all of the witnesses, anticipated testimony, and documents they seek to exclude from trial in their omnibus motion *in limine* (Dkt. No. 77, ¶ 2). The list of witnesses, anticipated testimony, and documents includes: Dr. Shawkat Ali (Dkt.

No. 46, 47); Brad Smithee and the associated affidavit of Mr. Smithee (Dkt. Nos. 55-6, 67, 68); affidavit of Mr. Thomison and February 2019 Rudimentary Survey by Lawrence County and unidentified individuals (Dkt. Nos. 55-12, 67, 68); chart titled "RAINFALL EVENTS OVER .5" RELEVANT TO FLOOD DATES 2/13/2008 – 8/29/2018" (Dkt. Nos. 55-13, 67, 68); chart titled "RAINFALL TOTALS NEAR EGYPT, AR FROM 2008 TO 2018" (Dkt. Nos. 55-14, 67, 68); image titled "USGS O7O7738O Cache River at Egypt, AR" (Dkt. Nos. 55-15, 67, 68); 19 photographs allegedly taken by Mr. Thomison in February 2019 (Dkt. Nos. 74; 74-1, at 2-20; 75); 2016 Sullivan and Associates Engineering Report (Dkt. Nos. 74; 74-1, at 21-35; 75); 2018 Sullivan and Associates Engineering Report (Dkt. Nos. 74; 74-1, at 36-42; 75); undated newspaper article (Dkt. Nos. 74; 74-1, at 43-5; 75); chart titled "RAINFALL EVENTS OVER .5" RELEVANT TO FLOOD DATES 2/13/2008 – 8/29/2018" (Dkt. Nos. 74; 74-1, at 48-58; 75); chart titled "RAINFALL TOTALS NEAR EGYPT, AR FROM 2008 TO 2018" (Dkt. Nos. 74; 74-1, at 59-67; 75) and attendant graphs; and, with the exception of Mr. Thomison and Mr. Latham, all witnesses vaguely identified by Lawrence County in defendants' response to plaintiffs' Interrogatory No. 1 (Dkt. No. 67-2, at 1-4). The Court will consider each motion in turn.

### A. Motion To Strike And Exclude From Trial Testimony Of Brad Smithee and Certain Untimely Exhibits

Plaintiffs ask this Court to strike from the record Mr. Smithee's affidavit and exclude from trial Mr. Smithee's opinions and testimony concerning the bridge drawing attached to the affidavit (Dkt. No. 68, at 1-2). Plaintiffs argue that Mr. Smithee's proposed testimony is not admissible under the pertinent Federal Rules of Evidence and violates several Federal Rules of Civil Procedure (*Id.*, at 2). Plaintiffs assert that defendants are improperly attempting to use Mr. Smithee as an expert witness (*Id.*, at 3-7). Additionally, plaintiffs argue that Mr. Smithee was not timely identified as a potential witness to provide a meaningful opportunity to depose him (*Id.*, at 7-8).

2

Finally, plaintiffs maintain that defendants never disclosed a number of exhibits—specifically, exhibits 6, 12, 13, 14, and 15 to defendants' statement of facts in support of their motion for summary judgment—to plaintiffs during discovery that they now wish to use in support of their motion for summary judgment and, presumably, at trial (Dkt. Nos. 55-6; 55-12; 55-13; 55-14; 55-15; 68, at 8-9).

In response, among other matters, defendants argue that they are not attempting to use Mr. Smithee as an expert witness and that his affidavit and testimony are admissible under the Federal Rules of Evidence (Dkt. No. 71, at 2-3). Defendants maintain that they correctly and timely identified Mr. Smithee and K.L. Smith—the individual who made the bridge drawing—in their amended answers and responses to request for production of documents tendered to plaintiffs on June 7, 2019 (*Id.*). Defendants also argue that the remaining challenged exhibits are admissible under various Federal Rules of Evidence (*Id.*, at 3-5).

In reply, plaintiffs argue that defendants' interrogatory responses were untimely as they came almost a year after plaintiffs sent interrogatories and requests for production to defendants on July 13, 2018 (Dkt. No. 80, at 1-2). Plaintiffs also argue that defendants have not procured any testimony from K.L. Smith and that plaintiffs could not have deposed K.L. Smith since they were never provided his or her full name or contact information (*Id.*, at 4). Plaintiffs maintain that defendants failed to authenticate the bridge drawing prior to the Court's consideration as required by the Federal Rules of Evidence (*Id.*, at 5). Additionally, plaintiffs reassert that defendants have a duty to provide them with materials defendants wish to use at trial during discovery, not after (*Id.*, at 5-6).

As an initial matter, the Court does not consider defendants' interrogatory responses to be untimely. The discovery deadline was moved several times in this matter in response to motions

from the parties (Dkt. Nos. 20; 21; 22; 26; 27; 28; 31; 34; 35; 41; 43). The discovery deadline was eventually extended to July 22, 2019, and defendants provided interrogatory responses prior to this deadline. Plaintiffs filed no motion to compel earlier responses. Accordingly, the Court denies plaintiffs' motion on the grounds that defendants provided untimely responses. The Court will consider the other grounds asserted in plaintiffs' motion.

### 1. Mr. Smithee's Affidavit And Testimony

Mr. Smithee was not disclosed as an expert witness prior to the Court's June 19, 2019, deadline for disclosing expert witnesses, but plaintiffs argue that Mr. Smithee clearly offers expert opinion testimony about the bridge drawing based on "scientific, technical, or other specialized knowledge" (Dkt. Nos. 67, ¶¶ 7-9; 68, at 3). Defendants maintain that Mr. Smithee is not an expert witness and deny that he lacks qualifications as a lay witness to testify about the bridge drawing (Dkt. No. 70, ¶ 3). Defendants state that Mr. Smithee's affidavit simply contains facts gleaned from the Arkansas Department of Transportation ("ARDOT") bridge file for the at-issue bridge (Dkt. No. 71, at 3). Defendants argue that these records are admissible in a number of ways, including Federal Rule of Evidence 803(6) and 803(8) (*Id.*). Defendants also argue that Mr. Smithee, as an ARDOT employee and custodian of these records, can demonstrate that the records including the drawing of the bridge are kept in the course of ARDOT's regularly conducted business for the State of Arkansas and are also properly admissible as public records (Dkt. Nos. 55-6, ¶ 1; 71, at 3).

The Court denies, in part, and grants, in part, plaintiffs' motion to strike Mr. Smithee, his affidavit, and his testimony (Dkt. No. 67). Mr. Smithee was disclosed as a witness during discovery, before the discovery deadline, and plaintiffs were informed that he was an ARDOT employee. There is no record evidence before the Court that plaintiffs ever requested to depose

Mr. Smithee. The Court will not strike him as a witness in this matter. For these same reasons, to the extent plaintiffs seek to exclude K.L. Smith as a witness in this matter, the Court denies such a request. Mr. Smith was disclosed as a witness during discovery, before the discovery deadline, and plaintiffs were informed that he was an ARDOT employee. There is no record evidence before the Court that plaintiffs ever requested to depose Mr. Smith. The Court will not strike him as a witness in this matter.

Based on the record before the Court, the matters addressed in Mr. Smithee's affidavit fall within the general description of Mr. Smithee's knowledge as a witness. It is not clear to the Court that any portion of Mr. Smithee's affidavit requires him to testify as an expert witness. The Court will not strike Mr. Smithee's affidavit in this matter.

To the extent defendants intend to rely upon Mr. Smithee as an expert witness from whom defendants intend to seek expert testimony, the Court agrees that Mr. Smithee was not timely disclosed as an expert witness, and the Court will not permit him to offer expert testimony. Plaintiffs may make contemporaneous objections at trial, to the extent plaintiffs contend Mr. Smithee attempts to offer expert testimony, and the Court will rule on those objections.

### 2. Additional Challenged Documents

Plaintiffs also ask the Court to strike from the record, refuse to consider in its summary judgment review, and exclude from trial exhibits 12, 13, 14, and 15 to defendants' statement of facts in support of their motion for summary judgment on the grounds that these documents were not provided to plaintiffs in discovery (Dkt. Nos. 55-12; 55-13; 55-14; 55-15; 67, ¶¶ 10-11). Citing Federal Rules of Civil Procedure 16, 26(a), 26(e), and 37(c)(1), plaintiffs maintain they have met their burden to exclude these exhibits since they were not given to plaintiffs in discovery (Dkt. Nos. 68, at 8; 80, at 5-6). Though defendants do not contest plaintiffs' claim that these documents

were not provided in discovery, defendants state that these documents are admissible under the Federal Rules of Evidence (Dkt. No. 71, at 3-4).

Exhibit 12 contains an affidavit from separate defendant Mr. Thomison and a photograph featuring Mr. Thomison that purports to show three inches or less difference between the surface elevation of the West Cache River Slough from the upstream side versus the downstream side (Dkt. Nos. 55-12; 71, at 3). Defendants argue that exhibit 12 is admissible because Mr. Thomison is a named defendant who was deposed and is also the topic of the photograph (Dkt. No. 71, at 3). Defendants maintain that Exhibit 12 does "not contain any new facts which could possibly prejudice the Plaintiffs." (Dkt. No. 71, at 3). The affidavit plaintiffs seek to strike was submitted by John Thomison, a named defendant who was deposed (*Id.*). Plaintiffs do not appear to claim prejudice or surprise with respect to the information presented, only perhaps as to the photograph itself. The Court denies plaintiffs' motion to strike the affidavit of Mr. Thomison. To the extent plaintiffs seek to strike the photograph attached to Mr. Thomison's affidavit, the Court denies without prejudice plaintiffs' motion to strike but states that, in ruling on the pending motions for summary judgment, the Court did not consider the photograph. At the trial of this matter, the Court will permit all parties or no parties to introduce demonstrative exhibits not disclosed during discovery. The rules will apply equally to all parties. The Court will permit counsel to confer and, if necessary, for plaintiffs to renew their motion to strike this photograph prior to trial. The Court will make a ruling on the use of demonstrative exhibits prior to trial.

Exhibit 13 contains a chart titled "RAINFALL EVENTS OVER .5" RELEVANT TO FLOOD DATES 2/13/1008 – 8/29/2018" purporting to show relevant flood dates and rain events during that time period (Dkt. Nos. 55-13; 71, at 4). Exhibit 14 contains a chart titled "RAINFAL TOTALS NEAR EGYPT, AR FROM 2008 TO 2018" purporting to show rainfall totals near

6

Egypt, Arkansas, during that time period (Dkt. Nos. 55-14; 71, at 4). Exhibit 15 contains an image titled "USGUS 07077380 Cache River at Egypt, AR" appearing to be from the United States Geological Service's ("USGS") website and purporting to show a USGS gage reading for the USGS gage in Egypt, Arkansas (Dkt. Nos. 55-15; 71, at 4). Defendants characterize exhibits 13, 14, and 15 as "readily findable public information" and argue that the Federal Rules of Evidence are not designed to exclude such evidence (*Id.*).

Again, plaintiffs do not appear to claim prejudice or surprise with respect to the information presented by Exhibit 13, 14, and 15, only perhaps as to the documents and formats themselves. The Court denies without prejudice plaintiffs' motion to strike Exhibit 13, 14, and 15 but states that, in ruling on the pending motions for summary judgment, the Court did not consider Exhibit 13, 14, and 15. At the trial of this matter, the Court will permit all parties or no parties to introduce demonstrative exhibits not disclosed during discovery. The rules will apply equally to all parties. The Court will permit counsel to confer and, if necessary, for plaintiffs to renew their motion to strike these documents prior to trial. The Court will make a ruling on the use of demonstrative exhibits prior to trial.

**B.     Plaintiffs' Second Motion To Exclude From Trial Certain Untimely Exhibits**

Plaintiffs' second motion to exclude from trial certain untimely exhibits seeks to exclude the following documents: 19 photographs allegedly taken by Mr. Thomison in February 2019 (Dkt. Nos. 74; 74-1, at 2-20; 75); 2016 Sullivan and Associates Engineering Report (Dkt. Nos. 74; 74-1, at 21-35; 75); 2018 Sullivan and Associates Engineering Report (Dkt. Nos. 74; 74-1, at 36-42; 75); undated newspaper article (Dkt. Nos. 74; 74-1, at 43-45; 75); chart titled "RAINFALL EVENTS OVER .5" RELEVANT TO FLOOD DATES 2/13/2008 – 8/29/2018" (Dkt. Nos. 74; 74-1, at 48-58; 75); and chart titled "RAINFALL TOTALS NEAR EGYPT, AR FROM 2008 TO

7

2018" and attendant graphs (Dkt. Nos. 74; 74-1, at 59-67; 75).  Plaintiffs move to exclude these documents, alleging that defendants failed to disclose them in discovery pursuant to Federal Rules of Civil Procedure 16, 26(a), 26(e), and 37(c) (Dkt. No. 75, at 2-4).  Plaintiffs allege that defendants knew of these documents during the discovery period but only provided these documents for the first time on September 17, 2019, after the close of discovery (*Id.*).  Defendants concede that they disclosed these documents to plaintiffs on September 17, 2019, but argue that the challenged documents are innocuous, self-descriptive, and should be admitted (Dkt. No. 83, at 1).  Defendants argue that no controversial factual background surrounds any of these documents and assert that they receive no benefit from providing these documents outside of the scheduling order's discovery period (*Id.*, at 3).  Further, defendants maintain that they offered plaintiffs any discovery plaintiffs chose to utilize regarding the documents and exhibits belatedly produced, and plaintiffs chose to do nothing (*Id.*).

Defendants argue that Mr. Thomison's photographs are descriptive, easily authenticated, and simply factual (*Id.*, at 1).  Defendants maintain that no discovery was needed to clarify these photos, that plaintiffs failed to depose Mr. Thomison, and that testimony about Mr. Thomison's photographs requires no expertise (*Id.*, at 2).  The Court denies without prejudice plaintiffs' motion to strike Mr. Thomison's photographs.  At the trial of this matter, the Court will permit all parties or no parties to introduce demonstrative exhibits not disclosed during discovery.  The rules will apply equally to all parties.  The Court will permit counsel to confer and, if necessary, for plaintiffs to renew their motion to strike these photographs prior to trial.  The Court will make a ruling on the use of demonstrative exhibits prior to trial.

Defendants argue that the two engineering reports concern the Willow Slough Drainage District and should be admitted as evidence regarding flooding on the Cache River (Dkt. No. 83, at 2). Mr. Sullivan, the author of the reports, is deceased, and the documents are being offered to show that the vast majority of farmers believe that dredging of the Cache River is the primary way to prevent flooding and show that the drainage districts spend their tax dollars in support of such projects (*Id.*). Based on the parties' descriptions of these documents, these documents do not appear to be demonstrative exhibits. Consequently, the Court grants plaintiffs' motion to strike the two engineering reports concerning the Willow Slough Drainage District for use as exhibits at the trial of this matter based on the Court's understanding that the documents, their existence, and the substance of the documents were not disclosed during discovery and that the documents were not equally available to both sides.

Defendants argue that the newspaper articles are benign and self-descriptive (Dkt. No. 83, at 3). The Court concludes that the failure to disclose the articles at an earlier time was substantially justified. The articles were equally available to both sides and thus the failure to disclose is also harmless. *See* Fed. R. Civ. P. 37(c)(1); *see also S.L. ex rel. Lenderman v. St. Louis Metro. Police Dep't Bd. of Comm'rs*, Case No. 4:10-CV-2163 CEJ, 2012 WL 3564030, at *9 (E.D. Mo. Aug. 17, 2012), *aff'd in part, appeal dismissed in part sub nom. S.L. ex rel. Lenderman v. St. Louis Metro. Police Dep't Bd. of Police Comm'rs*, 725 F.3d 843 (8th Cir. 2013). At this time, the Court denies plaintiffs' motion to strike the newspaper articles based on the timing of their disclosure. The Court takes no position on whether the articles are admissible as evidence at trial and will rule on any contemporaneous objections made to the newspaper articles' admissibility as evidence at trial.

Defendants argue that the charts plaintiffs seek to exclude each state the scientific information utilized to create them (Dkt. No. 83, at 2). Defendants maintain that these charts and graphs are instructive, relevant, non-prejudicial, factual, and well-sourced (*Id.*, at 3). It is unclear to the Court whether these charts plaintiffs seek to exclude are based on information previously known and discussed during discovery conducted in this matter. As a result, at this time, the Court denies without prejudice plaintiffs' motion to strike these charts. At the trial of this matter, the Court will permit all parties or no parties to introduce demonstrative exhibits not disclosed during discovery. The rules will apply equally to all parties. The Court will permit counsel to confer and, if necessary, for plaintiffs to renew their motion to strike these charts prior to trial. The Court will make a ruling on the use of demonstrative exhibits prior to trial.

### C. Plaintiffs' Omnibus Motion *In Limine*

In their omnibus motion *in limine*, plaintiffs recount all witnesses, anticipated testimony, and documents they have moved to exclude from trial (Dkt. No. 77, ¶ 2). In addition, plaintiffs move to exclude all witnesses vaguely identified by defendants in their response to plaintiffs' Interrogatories No. 1 with the exception of Mr. Thomison and Mr. Latham (Dkt. Nos. 67, at 1-4; 77, ¶¶ 2(n), 4-7). Plaintiffs also request that the Court prevent defendants or any defense witness from mentioning or testifying about the witnesses, testimony, and documents plaintiffs seek to exclude (Dkt. No. 77, ¶ 8). Citing Federal Rule of Evidence 403, plaintiffs argue such testimony would confuse the issues, mislead the jury, waste time, unduly delay the trial, and result in substantial and unfair prejudice to plaintiffs (*Id.*, ¶ 9). Additionally, plaintiffs argue that allowing any defense witness to mention or reference these items would ignore discovery violations and substantially prejudice plaintiffs' ability to prosecute their case (*Id.*, ¶ 10). Plaintiffs maintain that defendants' responses identified hundreds of individuals for the first time within the last month of

discovery, and plaintiffs characterize this "witness dump" as "too little, too late" (Dkt. No. 78, at 2). Plaintiffs assert that defendants never provided any reason for this late witness dump and state that allowing hundreds of witnesses to testify at this trial is "frankly unrealistic" (*Id.*, at 3-4). Additionally, plaintiffs state that defendants have not explained how any of the potential information these witnesses could provide is separate and distinct from the testimony of their already-identified witnesses (*Id.*, at 4).

Defendants deny that the Court should exclude witnesses other than Mr. Thomison and Mr. Latham (Dkt. No. 84, ¶ 2). Defendants note that plaintiffs had approximately a month within the Court's scheduled window for discovery upon receiving this list of witnesses but never requested to depose any witness (Dkt. No. 85, at 1). Defendants maintain that they must call numerous witnesses with knowledge to rebut the theories and assumptions to be made by plaintiffs' expert witnesses (*Id.*, at 3).

The Court has ruled on specific separate motions *in limine* and arguments raised by plaintiffs with respect to excluding certain witnesses, anticipated testimony, and documents. As to the remainder of plaintiffs' omnibus motion *in limine*, the Court denies without prejudice the remainder of plaintiffs' omnibus motion *in limine*. The Court declines to make the blanket ruling plaintiffs seek. Instead, plaintiffs may renew their motion to exclude specific witnesses, anticipated testimony, and documents, and after hearing from defendants in response, the Court will issue specific rulings (Dkt. No. 77). Likewise, the Court declines to make the blanket Federal Rule of Evidence 403 ruling plaintiffs seek, without understanding more about the context of this dispute and the anticipated testimony, evidence, and argument. Plaintiffs may renew their motion as to specific anticipated testimony, evidence, and argument, and after hearing from defendants in response, the Court will issue specific rulings.

## II. Defendants' Motion *In Limine*

Defendants move to restrict plaintiffs' testimony in this case regarding crop losses such that no plaintiff should be allowed to testify about any specific crop losses for any specific year on any specific field which they have farmed (Dkt. No. 72, ¶ 4). Defendants state that plaintiffs have relied upon expert witness Jim Grisham as the basis to support their claimed damages (*Id.*, ¶ 1). Defendants state that plaintiffs will rely solely upon the testimony and appendices of Mr. Grisham's expert report to establish their damages and have refused to provide answers to specific questions about dates of flood events, years, or seasons in which crops were lost (*Id.*, ¶ 2). Defendants also assert that separate plaintiffs Cleo Watkins and Michael Watkins indicated in their deposition that they kept accurate records of their losses and would provide those records to supplement their deposition (*Id.*, ¶ 3). Defendants assert that plaintiffs have failed to provide these records to date and that it does not appear as if they will provide any additional documentation about crop losses (*Id.*). Relying on Federal Rule of Evidence 403, defendants argue that plaintiffs' testimony about farming losses should be excluded because of unfair prejudice (Dkt. No. 73). Defendants argue that it would be unfair for plaintiffs to testify at trial concerning crop losses when they have failed or refused to provide any facts about crop losses in the discovery process (*Id.*).

In response, plaintiffs assert that they will offer testimony about lost crops at trial because it is a part of the context of the case (Dkt. No. 86, at 2). Plaintiffs state that the depositions of Cleo Watkins, Michael Watkins, and Mr. Grisham disclosed substantial facts about plaintiffs' crops, fields, and losses, citing to numerous portions of those depositions (*Id.*, at 2-3). Additionally, plaintiffs argue that defendants have not shown any surprise or prejudice suffered by the contested testimony (*Id.*, at 3). Plaintiffs claim that they will not seek lost crops as damages at trial and therefore had no duty to provide information regarding lost crops in discovery (*Id.*, at 3-4).

Plaintiffs note that defendants will have the opportunity to cross examine each plaintiff about their lost crop claims at trial (*Id.*, at 4). Plaintiffs state that any prejudice that might accrue to defendants from the mention of crop losses when fair market rental value are the damages sought can be fixed by a limiting instruction to the jury (*Id.*, at 5). Plaintiffs argue that defendants' interrogatories and requests for production did not clearly seek information about "farming losses" or "crops losses" (*Id.*). Finally, plaintiffs state that the Court should allow all plaintiffs to testify freely about facts personally known to them (*Id.*, at 7).

Based upon the Court's review, in written discovery, defendants asked and plaintiffs responded in pertinent part as follows:

> Interrogatory No. 7: For each plaintiff, please state the number of acres in crop production for any year for which the plaintiff will claim a loss of income from agricultural profits attributable to the bridge.
>
> Response: Plaintiffs object to this interrogatory since it seeks disclosure of an expert opinion prior to the deadline for disclosure of expert opinions. Plaintiffs will timely supplement this response once their expert(s) render their opinion(s).
>
> Interrogatory No. 9: Please provide dates when each plaintiff's crop land in Craighead County has flooded to the point that it led to a loss in income for that year.
>
> Response: Plaintiffs object to this interrogatory since it seeks disclosure of an expert opinion prior to the deadline for disclosure of expert opinions. Plaintiffs will timely supplement this response once their expert(s) render their opinion(s).
>
> Interrogatory No. 10: Please state the total number of acres and crop type lost due to flooding, attributable to County Road 717 Bridge for each plaintiff.
>
> Response: Plaintiffs object to this interrogatory since it seeks disclosure of an expert opinion prior to the deadline for disclosure of expert opinions. Plaintiffs will timely supplement this response once their expert(s) render their opinion(s).
>
> Interrogatory No. 17: For each plaintiff, please identify by description and plat all property which plaintiff contends has been taken by Lawrence County since October 10, 2009.

> Response: Plaintiffs object to this interrogatory since it seeks disclosure of an expert opinion prior to the deadline for disclosure of expert opinions. Plaintiffs will timely supplement this response once their expert(s) render their opinion(s).

(Dkt. No. 72-1). Other written discovery requests may have been propounded relating to damages issues. The Court cites these requests and responses as examples only. When providing supplemental responses to these and other written discovery requests, plaintiffs referred to information provided by their expert witnesses in all but only a few instances (Dkt. No. 72-1). From the record before the Court, it does not appear that plaintiffs produced information or documents specific to farming operations on each plaintiffs' land in dispute.

If a question was asked in a written interrogatory, plaintiffs are limited in testifying at trial to the information disclosed in response to or in a supplemental response to or in deposition testimony related to the written interrogatory. Plaintiffs will not be permitted to testify at trial to matters asked about by defendants during discovery but to which plaintiffs did not respond or provide a written response.

Further, based on the record before this Court, plaintiffs' expert only talked to a few plaintiffs prior to preparing his damages calculations in this case. This Court observed in ruling on the admissibility of plaintiffs' expert witness Mr. Grisham's anticipated testimony about the quantum of damages the following:

> In making its determination on the admissibility of Mr. Grisham's anticipated testimony, the Court assumes without deciding that each plaintiff is able to show damages to a reasonable degree of certainty. The record before the Court on this point is limited; Mr. Grisham testified that he talked to only one plaintiff who claimed to have suffered damages. Mr. Grisham purports to calculate damages for more than one named plaintiff. As a result, the Court will not make a determination on this threshold issue at this time on the limited record before it. The Court reserves a determination on whether there is sufficient proof that each plaintiff in fact suffered damages at all until after the Court hears additional proof.

(Dkt. No. 107, at 16). Unless plaintiffs' experts supplemented testimony and opinions timely, at trial, plaintiffs' experts will not be permitted to testify to matters asked by defendants but not answered by plaintiffs' experts or testified to by plaintiffs' experts during the discovery period.

For these reasons, the Court grants in part and denies in part defendants' motion *in limine*, consistent with the rulings in this Order (Dkt. No. 77).

### III.    Motion for Clarification

Also pending before the Court is plaintiffs' motion for clarification (Dkt. No. 109). The Court's opinion and order is clear that plaintiffs' federal takings claims are cognizable under 42 U.S.C. § 1983 (Dkt. No. 108, at 15). Accordingly, the motion for clarification is denied (*Id*.).

### IV.    Conclusion

For the above reasons, the Court grants in part and denies in part plaintiffs' motion to strike and exclude from trial testimony of Brad Smithee and certain untimely exhibits, second motion to exclude from trial certain untimely exhibits, and omnibus motion *in limine* (Dkt. Nos. 67, 74, 77). The Court also grants in part and denies in part defendants' motion *in limine* (Dkt. No. 72).

It is so ordered this 19th day of November, 2020.

_____
Kristine G. Baker
United States District Judge