IN THE UNITED STATES DISTRICT COURT
EASTER DISTRICT OF ARKANSAS
NORTHERN DIVISION

**CLEO WATKINS,** *et al.*                                                                                           **PLAINTIFFS**

**v.**                                        **Case No. 3:17-cv-00272-KGB**

**LAWRENCE COUNTY, ARKANSAS,** *et al.*                                                        **DEFENDANTS**

**ORDER**

Before the Court is the joint motion to order payment of plaintiffs Cleo Watkins; Brenda Watkins; Pyles Family Farms, LLC; Victor Hutcheson; Alvella Hutcheson; Helen Knight, as Trustee of the Helen Mae Knight Trust; Michael Watkins; Betty Watkins; and George Carney ("Plaintiffs") and defendants Lawrence County, Arkansas; John Thomison, in his official capacity as County Judge of Lawrence County, Arkansas; and William Powell, Donald Richey, Lloyd Clark, Heath Davis, Ernest Briner, Ronald Ingram, Tracy Moore, Kenny Jones, and Alex Latham, in their official capacities as members of the Lawrence County Quorum Court ("Defendants") (Dkt. No. 226). The parties state in their joint motion to order payment that on May 3, 2024, the Court issued a writ of garnishment against Garnishee, First National Bank of Lawrence County ("Garnishee"), for Defendants unpaid and unsatisfied judgment (*Id.*, ¶ 1). On May 7, 2024, the Garnishee answered the writ of garnishment and accompanying interrogatories, stating that it was holding $770,864.11 from Defendants' accounts pursuant to the writ of garnishment (*Id.*, ¶ 2). The writ of garnishment provides that the money held by Garnishee should be held until a court order directs it to be released (*Id.*, ¶ 3).

After the Garnishee filed its answer, Defendants sought to stay the writ of garnishment, and the Eighth Circuit Court of Appeals upheld the jury verdict and damage award (*Id.*, ¶ 4). The parties agree that, in the light of the Eight Circuit's decision, the writ of garnishment is no longer

necessary; Defendants agree that the funds held by the Garnishee should be released immediately to Plaintiffs by payment to their trust account held at PPGMR Law and that Defendants should withdraw their motion to stay (*Id*., ¶ 6).

On June 4, 2024, defendant Lawrence County's Quorum Court met and approved the payment of $770,864.11 currently being held by the Garnishee to Plaintiffs' trust account held at PPGMR Law and approved payment of the additional interest amount accrued between May 3, 2024, and June 6, 2024, to be paid to Plaintiffs' trust account held at PPGMR Law (*Id*., ¶ 7). To avoid further interest accrual and additional Quorum Court meetings, Defendants request that the Court's Order be entered by June 6, 2024 (*Id*.).

Based on the agreement of the parties, the Court grants the parties' joint motion to order payment (Dkt. No. 226). The Court denies as moot the motion for stay of garnishment or other collection efforts pending appeal (Dkt. No. 214). The Court orders the Garnishee to release the $770,864.11 that it is currently holding pursuant to the Writ of Garnishment and to transfer immediately the $770,864.11 to Plaintiffs' trust account held by PPGMR Law. The Court also orders that, as agreed to and instructed by Defendants, the Garnishee transfer to Plaintiffs' trust account held by PPGMR Law any additional funds necessary to cover the interest accumulated since the May 3, 2024, Writ of Garnishment was issued. Upon transfer of these funds held by the Garnishee in compliance with the terms of this Order, the Court orders the Garnishee released from its obligations pursuant to the May 3, 2024, Writ of Garnishment.

It is so ordered this 6th day of June, 2024.

_____
Kristine G. Baker
Chief United States District Court Judge